GALLEN, THOMAS M., Associate Senior Judge.
 

 State Farm Florida Insurance Company appeals a final order of the circuit court entered on November 27, 2007, and titled “Order on Relinquishment of Jurisdiction.” The order was entered as a result of this court relinquishing jurisdiction in
 
 Hill v. State Farm Florida Insurance Co.,
 
 case 2D07-2311. In case 2D07-2311, Hill-State Farm’s insured — appeals a March 12, 2007, order granting summary judgment in favor of State Farm on Hill’s complaint for breach of contract. This court relinquished jurisdiction in case 2D07-2811 for the trial court to determine if the March 12, 2007, order is a final, appealable order and to determine if an earlier order entered on October 19, 2006, was a final judgment disposing of the case. On relinquishment, the circuit court entered the November 27, 2007, order on appeal in this case, finding that the March 12, 2007, order was void because the earlier order entered on October 19, 2006, constituted a final judgment in the case.
 
 [1]
 
 Case 2D07-2311 has been stayed pending the outcome of this case.
 

 State Farm argues that the circuit court erred in ruling that the October 19, 2006, order was a final judgment. We agree for two reasons. First, the October 19, 2006, order does not clearly dispose of Hill’s claim against State Farm. Hill had filed a complaint against State Farm for breach of contract, contending that State Farm provided “low ball” estimates to Hill when she attempted to recover under her homeowner’s insurance policy and that State
 
 *1274
 
 Farm refused to tender all the insurance proceeds due and owing to Hill. State Farm then demanded appraisal as provided for in the insurance contract. After an appraisal panel arrived at an award, Hill filed a motion in the breach of contract action to confirm the appraisal award, which the circuit court granted. Hill then requested a final judgment on the confirmation of the appraisal award, and the circuit court entered the October 19, 2006, order. The October 19, 2006, order is titled “Final Judgment,” but it simply states that the order confirms the final appraisal award. The order does not contain language of finality disposing of the breach of contract action in favor of one of the parties.
 
 See Canfield v. Cantele,
 
 837 So.2d 371, 375 (Fla.2002) (“A final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary.”);
 
 Hoffman v. Hall,
 
 817 So.2d 1057, 1058 (Fla. 1st DCA 2002) (holding that final order “must contain unequivocal language of finality”);
 
 Sodikoff v. Allen Parker Co.,
 
 202 So.2d 4, 6 (Fla. 3d DCA 1967) (“A pleading will be considered what it is in substance, even though mislabelled.”).
 

 Additionally, a review of the record as a whole indicates the October 19, 2006, order was not intended to be a final order in the breach of contract action filed by Hill. At a hearing held on Hill’s request for a final judgment, State Farm objected to entry of a final judgment on the basis that there had not yet been any determination on the breach of contract issue. After a lengthy discussion between both parties and the circuit court, the court ultimately stated that it was not finding judgment in favor of Hill on the breach of contract action but that it was merely confirming the appraisal award. Therefore, the circuit court did not intend the “Final Judgment” entered on October 19, 2006, to constitute a final order in the circuit court action.
 
 [2]
 

 Based on the reasons expressed above, we conclude that the circuit court’s October 19, 2006, order was not a final judgment in the breach of contract action below. We therefore vacate the circuit court’s order of November 27, 2007.
 

 FULMER and SILBERMAN, JJ., Concur.
 

 [1]
 

 . In the November 27, 2007, order, the circuit judge noted that “due to recusal and scheduled rotation of judicial assignments,” he was the "third circuit judge participating in this case.”
 

 [2]
 

 . The parties’ actions after entry of the October 19, 2006, order further indicate that the order was not intended to be a final judgment in the breach of contract action. After the circuit court entered the October 19, 2006, order, Hill requested a case management conference. State Farm then filed a motion for summary judgment, which Hill opposed, arguing that the breach of contract issue was an issue for the trier of fact. At the hearing on State Farm’s motion, Hill's attorney contended that the appraisal process only determined the amount of loss, that the issue of breach had not been resolved by the appraisal process, and that Hill was requesting a jury trial on the issue of breach. On March 12, 2007, the circuit court entered the order granting State Farm’s motion for summary judgment, which is the subject of Hill's appeal in case 2D07-2311.