COPE, J.
The main question presented by this appeal is whether, and to what extent, an insured is entitled to attorney’s fees for legal services rendered in connection with an appraisal under an insurance policy. We affirm in part on entitlement, and remand for reduction of the amount.
I.
Ray Clyde Stormont, Jr., owned a Ford Mustang Cobra SVT which he insured with Travelers of Florida. The car was valuable to collectors because it had been owned by, and modified for, Petty Racing Enterprises and had been driven by a member of the Petty family.
In January 2006, the car was stolen while in a garage for mechanical work. The plaintiff-appellee insured retained counsel and submitted a claim to the defendant-appellant insurer. The insurer offered to pay $39,587 based on a valuation by Auto-Source, while the owner claimed a value of $65,000 to $75,000 based on an appraisal by Speed Shop. The insurer objected that Speed Shop was not qualified to appraise the value of the stolen vehicle.
In June 2006, Travelers demanded appraisal and appointed Luis Aucar as its appraiser. The insured failed to respond. Instead, in October 2006, the insured filed a suit against the insurer demanding payment of the claim.[1] The insurer moved to dismiss or abate the action pending completion of appraisal. The trial court denied the motion to dismiss, abated the action and compelled appraisal. Disagreements between the two sides persisted.
In 2008, the insured filed a motion to compel appointment of appraiser or alternatively to strike the demand for appraisal. The appraisal clause required each party to appoint a competent appraiser. According to the motion, the insurer’s appraiser admitted to the insured’s appraiser that “he has no appraisal knowledge and had no opinion regarding the appraisal *944 value of this car....” The insured objected to the insurer’s appraiser as not being qualified but the insurer refused to appoint another appraiser. The insured requested that the court direct the insurer to appoint a qualified appraiser, or alternatively, strike the insurer’s demand for appraisal.
The trial court denied the insured’s motion to strike the demand for appraisal. The court ordered each side to submit the names of proposed umpires, and appointed Ronald McCarthy as the umpire. The insurer failed to pay its half of the umpire’s fee, which was $750, so the insured paid the entire fee. In April 2008, the appraisal set the value of the car at $95,000.
The insurer failed to pay. In June 2008, the insured filed a motion to enter judgment in accordance with the award, i.e., $95,000 plus interest, costs, and attorney’s fees. In July, the insurer tendered $95,000. In August, the insurer paid interest from the date of the appraisal award to the July 2008 date of payment.
The trial court entered judgment on the award for $95,000 plus prejudgment interest of $23,219.93. The court also entered a judgment for attorneys’ fees in favor of the insured for $134,956.25, which included a 2.5 multiplier, and a cost judgment of $271. The insurer has appealed.
II.
The main question in this case is whether an insured is entitled to attorney’s fees incurred in connection with an appraisal which is conducted under an insurance policy. Section 627.428, Florida Statutes (2005), provides in substance that upon rendition of a judgment against the insurer and in favor of the insured, the court shall award “a reasonable sum as tees or compensation for the insured’s ... attorney prosecuting the suit in which the recovery is had.”
The Fifth District Court of Appeal has explained: “Attorney’s fees have been awarded when suit was filed prior to payment of the appraisal or arbitration award or to compel an insurer to participate in an appraisal.” Nationwide Prop. & Cas. Ins. v. Bobinski, 776 So.2d 1047, 1048 (Fla. 5th DCA 2001); accord Travelers Indem. Ins. Co. v. Meadows MRI, LLP, 900 So.2d 676, 678 (Fla. 4th DCA 2005).[2]
In order to be entitled to attorney’s fees, it must have been reasonably necessary for the insured to file a court action. Travelers, 900 So.2d at 678. “The purpose behind section 627.428 is plainly to place the insured or beneficiary in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney’s fees.” Id. at 679. Where suit is filed without any necessity to do so, attorney’s fees under section 627.428 will be denied. Federated Nat’l Ins. Co. v. Esposito, 937 So.2d 199, 200-02 (Fla. 4th DCA 2006).
If the insured is forced to file suit, and the insurer thereafter pays the award without the necessity of the trial court entering judgment, the confession of judgment doctrine applies. “This doctrine applies where the insurer has denied benefits the insured was entitled to, forcing the insured to file suit, resulting in the insurer’s change of heart and payment before judgment.” See State Farm Fla. Ins. Co. v. Lorenzo, 969 So.2d 393, 397-98 (Fla. 5th DCA 2007). In that circumstance, the insured is entitled to an award of attorney’s *945 fees. With these principles in mind, we turn to the facts of the present case.
III.
The insurer argues that the insured filed suit prematurely. That point is well taken.
In June 2006, the insurer demanded appraisal and appointed its appraiser. For the following five months, the insured failed to respond to the insurer’s letters in which the insurer attempted to move the appraisal process forward. Instead, in October 2006, the insured filed suit against the insurer demanding payment of its claim. The complaint and its subsequent amendments were silent on the issue of appraisal.
The suit was premature. Once the insurer demanded appraisal, the insured was required to comply with the appraisal clause. Proceeding to court was not justified.
The insured argued in the trial court that he was entitled to go to court because he believed that the insurer was acting in bad faith. Under the appraisal clause, each party must appoint a competent appraiser. The insured maintained that the insurer’s appraiser was not competent. The insured says the insurer’s appraiser acknowledged that he did not have experience in appraising motor vehicles of the type at issue in this case. Accordingly, the insured argued in the trial court that the insurer was in breach of its obligations under the insurance policy and had waived the right to appraisal.
Those facts do not create a waiver of the right to appraisal. In the context of the analogous field of arbitration, a waiver of the right to arbitrate occurs only when a party engages in conduct inconsistent with that right. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005); U.S. Fire Ins. Co. v. Franko, 448 So.2d 170, 172 (Fla. 1st DCA 1983) (appraisal case stating: “Implied waiver of the right to arbitration occurs only when a party engages in conduct which is inconsistent with that right.”) Even if the insured is correct that the insurer appointed an appraiser who was not competent, that is not conduct which is inconsistent with the right to appraisal, and there is no legal basis for asserting that the insurer had waived the right to appraisal.
If the insured believed that the insurer’s appraiser was not competent (where, as here, the appraisal clause required appointment of a competent appraiser), the issue must be raised promptly upon learning of the grounds for disqualification. The correct procedure would be first to make a written demand that the insurer replace the appraiser. If the insurer declines to do so, then the insured must promptly file a complaint in circuit court seeking removal of the appraiser.
In this case, the insurer disclosed the identity of its appraiser in June of 2006. It is clear that the insured learned of the ground for disqualification early on, but the insured’s complaint did not seek disqualification and the insured did not raise the issue by motion until 2008. The insured was not entitled to attorney’s fees for this phase of the trial court proceedings.
IV.
In June 2008, the insured filed a motion to enter judgment in accordance with the appraisal award. The insurer contends that this was unnecessary and that the insured is not entitled to any attorney’s fees at all. The insurer’s argument is without merit.
The appraisal award was entered in April of 2008. The insurer failed to pay. *946 In June, after almost three months had expired, the insured filed its motion to enter judgment in accordance with the award. It was entirely reasonable for the insured to file this motion after the insurer not only failed to pay the award, but also failed to pay its half of the umpire’s fee.
Six weeks after the insured filed the motion, but before the motion was ruled on, the insurer paid the principal amount of the award. Even later the insurer paid the interest it calculated to be due. “Where an insurer makes payment of a claim after suit is filed, but before a judgment is rendered, such payment operates as a confession of judgment, entitling the insured to an attorney’s fee award.” Magnetic Imaging Syst., I, Ltd. v. Prudential Prop. & Cas. Ins. Co., 847 So.2d 987, 990 (Fla. 3d DCA 2003).
The insurer relies on cases which are not on point. In Federated National, 937 So.2d at 199, the appraisal award was issued and the insurer paid the award in full. After payment in full, the insured filed a motion to confirm the award and entered a judgment. Those are not the facts of our case. In our case the insurer failed to pay and the insured quite reasonably moved for entry of judgment.
The insurer relies on Tristar Lodging, Inc. v. Arch Speciality Ins. Co., 434 F.Supp.2d 1286, 1298 (M.D.Fla.2006), affirmed, 215 Fed.Appx. 879 (11th Cir.2007), but the fact pattern is the same as in the Federated National case. Likewise off point is State Farm Florida Insurance Co. v. Lorenzo, 969 So.2d 393 (Fla. 5th DCA 2007), which presents a variation on the same theme. None of the cases cited by the insurer supports its position here.[3]
The insured acted entirely reasonably in seeking court enforcement of the award and is entitled to attorney’s fees for that phase of the litigation.
V.
The insurer argues that a 2.5 multiplier should not have been awarded. We agree. The insured in this case retained counsel immediately after the loss occurred. The insured was a friend and former client of the attorney. Counsel agreed to handle this case at $200 per hour, which is lower than counsel’s normal rate. The attorney’s fee agreement provided that the attorney would be entitled to a higher fee if awarded by the court.
In this case it was clear that the loss would be covered by the insurance policy and the insured would achieve a recovery. The question was whether the insured could obtain the amount of compensation he sought on the basis that the stolen vehicle was a unique collectible car.
Under the Florida Supreme Court’s decision in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), if “success was more likely than not at the outset, [the court] may apply a multiplier of 1 to 1.5[.]” Id. at 834. As explained in Quanstrom, the purpose of the multiplier is to adjust for the risk of nonpayment in contingent fee cases. Id. at 834.
In considering the issue now before us, the First District has held that 1.0 is the correct multiplier. The First District rea *947 soned that “[although there was some question as to the amount that would be recovered by [the insured] under the insurance policy, there was no question that there would be a recovery of damages.” Reliance Ins. Co. v. Harris, 503 So.2d 1321, 1323 (Fla. 1st DCA 1987). That logic is applicable here. The multiplier must be eliminated.
VI.
The insurer argues that the trial court erred by awarding prejudgment interest from the date of the theft of the auto on January 28, 2006. The insurer’s argument is well taken.
The insurance policy in this case does not specify when an appraisal award is to be paid by the insurer. Where that is the case, the insured is “entitled to interest from the date of the appraisal award as that is the date on which the damages were liquidated.” Aries Ins. Co. v. Hercas Corp., 781 So.2d 429, 430 (Fla. 3d DCA 2001); cf. Liberty Mut. Ins. Co. v. Alvarez, 785 So.2d 700, 701 n. 1 (Fla. 3d DCA 2001) (insured was not entitled to prejudgment interest where, under the policy, payment was to be made within sixty days after the appraisal award and the insurer paid the award within three weeks). The prejudgment interest award must be reduced, so as to cover the period from the date of award until the date of the insurer’s payment of the $95,000 principal amount of the award.
VII.
We concur with the trial court that the insured was entitled to an award of attorney’s fees, but remand for reduction of the amount of attorney’s fees and prejudgment interest in accordance with this opinion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The complaint also included a claim against the garage owner. That claim is not at issue in this appeal.

. "Attorney's fees may also be awarded for litigating entitlement to attorney’s fees.” Nationwide, 776 So.2d at 1048.

. The insurer is technically correct that the court did not need to enter judgment for the $95,000 principal amount because that amount had been paid by the time of the final hearing. As to the $95,000 amount, the insurer’s payment amounted to a confession of judgment.
The parties disagreed on the amount of prejudgment interest, so it was appropriate for the trial court to resolve the dispute and enter judgment for the interest amount.