# Third District Court of Appeal

## State of Florida

Opinion filed June 9, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1088
Lower Tribunal No. 18-36207
_____

**Steven Albritton and Wanda Albritton,**
Appellants,

vs.

**State Farm Florida Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alexander Bokor, Judge.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale); Kopelowitz Ostrow Ferguson Weiselberg Gilbert, and Alexis Fields (Fort Lauderdale), for appellants.

Link & Rockenbach, PA, and Kara Rockenbach Link and Daniel M. Schwarz (West Palm Beach); Marshall Dennehey Warner Coleman & Goggin, P.C., and Shaghayegh Nowroozpour (Fort Lauderdale), for appellee.

Before EMAS, C.J., and HENDON and LOBREE, JJ.

PER CURIAM.

Affirmed. See § 627.428, Fla. Stat. (2018). See also Travelers of Fla. v. Stormont, 43 So. 3d 941, 944-45 (Fla. 3d DCA 2010) (noting: "In order to be entitled to attorney's fees [under section 627.428, Florida Statutes], it must have been reasonably necessary for the insured to file a court action" and further concluding, under similar facts: "The suit was premature. Once the insurer demanded appraisal, the insured was required to comply with the appraisal clause. Proceeding to court was not justified."); Goldman v. United Servs. Auto. Ass'n, 244 So. 3d 310, 312 (Fla. 4th DCA 2018) (affirming summary judgment in favor of insurer where trial court found the insured's suit was "merely a preemptive lawsuit intended to obtain attorneys' fees for the usual efforts in negotiating an insurance claim") (citation omitted); State Farm Fla. Ins. Co. v. Lime Bay Condo, Inc., 187 So. 3d 932, 935 (Fla. 4th DCA 2016) (holding that "when the insured moves for attorney's fees [under section 627.428], the underlying issue is whether the suit was filed for a legitimate purpose, and whether the filing acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract"); Beverly v. State Farm Fla. Ins. Co., 50 So. 3d 628, 633 (Fla. 2d DCA 2010) (holding an insured is entitled to an award of attorney's fees under section 627.428 where the insurer "*wrongfully* caus[ed] its insured to resort to litigation in order to resolve a conflict with its insurer when it was

2

within the company's power to resolve it") (citation omitted); <u>Hill v. State Farm Fla. Ins. Co.</u>, 35 So. 3d 956, 960 (Fla. 2d DCA 2010) (observing: "It is only when the claims adjusting process breaks down and the parties are no longer working to resolve the claim within the contract, but are actually taking steps that breach the contract, that the insured may be entitled to an award fees under section 627.428").