# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2137
Lower Tribunal No. 18-23350
_____


**Alice Ward Valdivieso, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Giasi Law, P.A., and Melissa A. Giasi and Erin M. Berger (Tampa); Law Offices of Christopher F. Zacarias, P.A., and Christopher F. Zacarias, for appellants.

Dean, Ringers, Morgan & Lawton, P.A., and Jessica C. Conner (Orlando), for appellee.

Before SCALES, LINDSEY, and LOBREE, JJ.

SCALES, J.

In this first-party insurance case, appellants Alice Ward Valdivieso and Vincent Valdivieso ("Insureds") appeal a November 20, 2021 final order that: (i) denied Insureds' motion for attorney's fees under section 627.428 of the Florida Statutes (2017),[1] and (ii) entered final summary judgment in favor of appellee Citizens Property Insurance Corporation ("Citizens") on Insureds' underlying claim to compel Citizens's participation in the appraisal process. Both determinations were based on the trial court's determination that Insureds had prematurely filed their lawsuit while Citizens was actively participating in the appraisal process in compliance with the subject policy's appraisal clause. We affirm the challenged order.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

---

[1] Section 627.428 provided, in relevant part:

> (1) Upon the rendition of a judgment . . . by any of the courts of this state against an insurer and in favor of any named . . . insured . . . under a policy . . . executed by the insurer, the trial court . . . shall adjudge . . . against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2017). Effective March 24, 2023, the Florida Legislature repealed section 627.428. See Ch. 2023-15, § 11, Laws of Fla.

In September 2017, Insureds, whose home was insured by Citizens, made a claim after their home was damaged by Hurricane Irma. After Citizens adjusted the loss and issued a partial loss payment, Insureds provided Citizens with their own repair estimate and requested that Citizens reevaluate their claim. Citizens did so and issued a second loss payment. Insureds' attorney, on Insureds' behalf, then sent Citizens a May 16, 2018 letter demanding the matter go to appraisal pursuant to the policy's appraisal clause.[2] In response to Insureds' letter, Citizens requested that Insureds provide a sworn proof of loss before going to appraisal, and, consistent with the appraisal clause, Citizens chose its appraiser. Citizens also sent a June

---

[2] The policy's appraisal clause provided, in relevant part, as follows:

2. Appraisal.

Appraisal is an alternate dispute resolution method to address and resolve disagreement regarding the amount of the covered loss.

a. If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss. If you or we demand appraisal, the demand for appraisal must be in writing and shall include an estimate of the amount of any dispute that results from the covered cause of loss. . . .

b.      In this event, each party will choose a competent appraiser within 20 days after receiving a written demand from the other.

21, 2018 letter to Insureds acknowledging Insureds' appraisal demand and naming Citizens's appraiser. Apparently, Insureds did not receive this letter.

On July 10, 2018, Insureds filed the instant action in the Miami-Dade County Circuit Court, alleging that Citizens had failed to comply with the policy's appraisal clause. Insureds' complaint sought both specific performance (i.e., to compel Citizens to go to appraisal) and attorney's fees under section 627.428. On October 1, 2018, Citizens filed an answer denying Insureds' allegations and, as it second affirmative defense, alleged that Citizens had both acknowledged Insureds' appraisal demand and was actively participating in the appraisal process when Insureds filed their lawsuit. That same day, Citizens filed a motion below to compel appraisal.

On October 24, 2018, the trial court entered an agreed order staying the litigation and compelling appraisal. On December 17, 2018, an appraisal award was entered that resulted in Citizens issuing an additional loss payment to Insureds. The parties then took separate actions to resolve this litigation. Insureds filed a motion for section 627.428 attorney's fees ("Fees Motion"), claiming that the trial court should view Citizens's payment of the appraisal award as the functional equivalent of a confession of judgment[3]

---

[3] See State Farm Fla. Ins. Co. v. Lorenzo, 969 So. 2d 393, 397 (Fla. 5th DCA 2007) ("The confession of judgment doctrine turns on the policy underlying section 627.428: discouraging insurers from contesting valid claims and

4

because filing suit was purportedly Insureds' only recourse to compel an appraisal. Whereas Citizens moved for summary judgment, alleging that (i) attorney's fees were not awardable because there was no breakdown in the claims process that served as the catalyst for Insureds' filing their lawsuit,[4] and (ii) Citizens had timely complied with the policy's appraisal clause and made a loss payment per the policy's terms.

Without objection, the trial court conducted a hearing on the parties' competing motions that was both evidentiary (as to Insureds' Fees Motion) and non-evidentiary (as to Citizens's summary judgment motion) in nature. At this hearing, as it related to the Fees Motion, the trial court heard testimony from Citizens's corporate representative who testified that Citizens had chosen its appraiser on May 24, 2018, eight days after Citizens received Insureds' written appraisal demand. Citizens's corporate representative also testified that Citizens had mailed the June 21, 2018 appraisal acknowledgment letter to Insureds. Insureds' former attorney, who also

_____

reimbursing insureds for attorney's fees when they must sue to receive the benefits owed to them.").

[4] See Hill v. State Farm Fla. Ins. Co., 35 So. 3d 956, 960 (Fla. 2d DCA 2010) ("It is only when the claims adjusting process breaks down and the parties are no longer working to resolve the claim within the contract, but are actually taking steps that breach the contract, that the insured may be entitled to an award [of] fees under section 627.428, Florida Statutes (2004).").

5

testified at the hearing, acknowledged that she and Citizens's adjuster had discussions as late as June 20, 2018, pertaining to Citizens's request that Insureds provide a sworn proof of loss before proceeding to appraisal.[5] Documents introduced into evidence at the hearing confirmed the attorney's testimony.

After hearing evidence with respect to Insureds' Fees Motion, the trial court then heard only legal argument on Citizens's summary judgment motion. The trial court adjourned the hearing without issuing a ruling.

On November 20, 2021, the trial court entered the challenged order that: (1) denied Insureds' Fees Motion, finding that Insureds' filing of the complaint was neither necessitated by Citizens's actions nor consistent with the purpose of section 627.428; and (2) entered final summary judgment in favor of Citizens based on the testimonial and documentary evidence that had been introduced below with respect to the Fees Motion. Insureds timely appealed the challenged order.

---

[5] See Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12, 54 So. 3d 578, 581 (Fla. 3d DCA 2011) (recognizing that an "insured must comply with all of the policy's post-loss obligations before the appraisal clause is triggered." (quoting U.S. Fid. & Guar. Co. v. Romay, 744 So. 2d 467, 471 (Fla. 3d DCA 1999)).

6

## II.    ANALYSIS[6]

We affirm the trial court's denial of the Fees Motion without discussion. See Hill, 35 So. 3d at 960; Lorenzo, 969 So. 2d at 398 ("[C]ourts generally do not apply the [confession of judgment] doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy.").

As to the final summary judgment, Insureds claim the trial court erred by considering the testimonial and documentary evidence that was introduced at the Fees Hearing. According to Insureds, the trial court could consider only the parties' competing affidavits that were submitted in support of, and in opposition to, Citizens's motion for summary judgment. We disagree.

---

[6] We review *de novo* an order determining entitlement to statutory attorney's fees. See State Farm Mut. Auto. Ins. Co. v. Best Med. Treatments, Inc., 354 So. 3d 612, 613 (Fla. 3d DCA 2023). This Court also employs *de novo* review of an order granting summary judgment. See Pride Clean Restoration Inc. v. Certain Underwriters at Lloyd's of London, 331 So. 3d 841, 843 (Fla. 3d DCA 2021). "Similarly, the interpretation of an insurance contract presents a pure legal issue subject to de novo review." Id.

It is true that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . . admissions, interrogatory answers, or other materials[.]" Fla. R. Civ. P. 1.510(c)(1)(A). Under Florida's new summary judgment rule, however, the trial court is not limited to considering only the record material cited by the parties; while "[t]he court need consider only the cited materials, . . . it *may* consider other materials in the record." Fla. R. Civ. P. 1.510(c)(3) (emphasis added). In fact, federal courts applying identical provisions in Federal Rule of Civil Procedure 56[7] – the federal summary judgment rule after which Florida's rule 1.510 is patterned – recognize that any record evidence may properly be considered by the trial court when adjudicating a party's summary judgment motion.[8]

---

[7] See Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

[8] See, e.g. Warner Bros. Ent. Inc. v. Loyd, No. CIV 20-0062 JB/JFR, 2023 WL 5727468, at *15, n.70 (D. N.M. Sept. 5, 2023) ("Rule 56(c)(3) clarifies that the Court is not limited only to the materials the parties cite in their motion papers, but is empowered to look at the record as a whole."); Echon v. Sackett, No. 14-cv-03420-PAB-NYW, 2017 WL 4181417, at *3 (D. Colo. Sept. 20, 2017), report and recommendation adopted, No. 14-cv-03420-PAB-NYW, 2017 WL 5013116 (D. Colo. Nov. 1, 2017) ("The court will not craft arguments on behalf of Defendants, or 'peruse the record . . . in search of evidence' not readily accessible; but this court will consider the totality of admissible evidence . . . in evaluating whether summary judgment is appropriate." (quoting Sec. & Exch. Comm'n v. Capital Holdings, L.L.C., No.

Here, without objection, the trial court conducted the evidentiary hearing on Insureds' Fees Motion prior to the court hearing legal arguments on Citizens's summary judgment motion. Consequently, for purposes of rule 1.510(c)(1)(A) and (c)(3), the evidence introduced at the Fees Hearing plainly constituted "other materials" in the record that the trial court could consider in adjudicating Citizens's summary judgment motion.

Because the undisputed evidence introduced at the Fees Hearing established that there was no breakdown in the claims process that served as the catalyst for Insureds' filing their lawsuit, and that Citizens timely complied with the policy's appraisal clause and made a loss payment per the policy's terms, we affirm entry of final summary judgment in favor of Citizens.

---

03–CV–00923–REB–CBS, 2006 WL 1660541, at *1 (D. Colo. June 12, 2006)); Gray v. Carlin, No. 3:11-cv-00275-EJL, 2015 WL 75263, at *5, n.2 (D. Idaho Jan. 6, 2015) ("Although Plaintiff did not submit an affidavit attaching the evidentiary support for his objection, the concern forms were cited to in Plaintiff's brief and attached to the Amended Complaint. The Court is not limited to only materials cited in an affidavit, and may consider other materials in the record, which it has done here."); Austin v. Howell, No. 10-10049, 2012 WL 553127, at *4, n.6 (E.D. Mich. Feb. 21, 2012) ("[I]n resolving the pending summary judgment motions, the Court is not limited to the materials cited in the parties' briefs, but may also 'consider other materials in the record.' Fed. R. Civ. P. 56(c)(3). As noted earlier, the parties submitted a proposed final pretrial order that was accompanied by records from the state court forfeiture proceedings, and the Court has looked to these records in determining whether Plaintiff's claims against Martin Towing can withstand summary judgment.").

Affirmed.