VILLANTI, Judge.
 

 Herman Clifton appeals the final summary judgment entered in favor of his homeowner’s insurance company, United Casualty Insurance Co., in this breach of contract action arising out of damage that Clifton’s home suffered during Hurricane Charley. Because there were disputed issues of material fact as to whether Clifton was forced to file suit to resolve his dispute with United Casualty, United Casualty was not entitled to summary judgment in its favor. Accordingly, we reverse and remand for further proceedings.
 

 Clifton’s residence was damaged by Hurricane Charley on August 13, 2004, and Clifton promptly filed a claim with United Casualty for the damage. United Casualty sent an adjuster, who inspected the damage and adjusted the claim. After applying the deductible and possibly some depreciation, United Casualty paid Clifton $3054.22 for the damage it determined was the result of Hurricane Charley.
 

 According to Clifton, after receiving this payment, he notified United Casualty that the payment was insufficient to pay for the necessary repairs to his residence. He asserted that he had repeatedly disputed the amount of the loss with both United Casualty and its local agent and had requested that someone from United Casualty reinspect his residence and consider paying additional policy proceeds. According to Clifton, United Casualty ignored his requests, and only after he received no response to his requests for over three years did he file suit on November 15, 2007. The complaint alleged that United Casualty had breached the insurance contract by failing to pay the full amount necessary to repair the damage to Clifton’s residence caused by Hurricane Charley.
 

 United Casualty answered Clifton’s complaint and raised affirmative defenses, including that Clifton had failed to comply with the conditions precedent to bringing the suit and that his claim was barred by accord and satisfaction. United Casualty also alleged that it had paid Clifton all of the proceeds to which he was entitled under the policy. Along with its answer and affirmative defenses, United Casualty filed a motion seeking to invoke the appraisal clause of its policy with Clifton. The court granted the motion seeking appraisal, and Clifton and United Casualty engaged in the appraisal process provided for by the policy. The appraisal process resulted in an award in favor of Clifton of $18,744.24.
 

 Clifton subsequently filed a motion to confirm the appraisal award and for entry of judgment, and he sought an award of attorney’s fees. After paying the appraisal award, United Casualty filed a motion to dismiss Clifton’s complaint, contending that the dispute between the parties had been resolved by the appraisal process and that no triable issues remained to be litigated. In support of that motion, United
 
 *828
 
 Casualty filed the affidavit of its,assistant vice president of property claims, Greg Warnock, in which he asserted that United Casualty had no notice whatsoever that Clifton was dissatisfied with his claim payment until United Casualty was served with the complaint.
 

 Shortly thereafter, and before the trial court had ruled on either pending motion, United Casualty withdrew its motion to dismiss
 
 and
 
 the accompanying affidavit. In their place, United Casualty filed a motion for summary judgment and a separate response to Clifton’s motion for attorney’s fees. Concerning the motion for attorney’s fees, United Casualty argued that it was not responsible for those fees because it had not wrongfully withheld any insurance benefits. It reiterated its assertions that it had no knowledge that Clifton was dissatisfied with the initial claim payment until suit was filed, although it no longer supported those assertions with any record evidence.
 

 In the motion for summary judgment, United Casualty alleged that it was entitled to judgment in its favor because it had paid the amounts due in accordance with the terms of the policy and thus Clifton could not prove that it breached the policy. United Casualty also alleged that Clifton could not prove that he had suffered any damages because United Casualty had now paid Clifton all of the amounts due under the policy.
 

 In response to United Casualty’s motion for summary judgment, Clifton filed an affidavit asserting that he had repeatedly notified both United Casualty and its local agent that the original claim payment was insufficient to cover all of his damages. Clifton asserted that United Casualty “refused to respond” to his pleas for additional policy proceeds until after Clifton filed suit.
 

 At the hearing on United Casualty’s motion for summary judgment, the trial court was faced with Clifton’s unrebutted affidavit asserting that he had expressed dissatisfaction with the settlement of his claim in a timely manner and that United Casualty had ignored his requests for further action on his claim until after he filed suit. United Casualty disputed these facts, but the only evidence supporting its position had been withdrawn. Further, the record clearly showed that United Casualty had paid significant sums to Clifton in settlement of his claim after suit was filed. Despite this record evidence, the trial court granted summary judgment in favor of United Casualty, finding that because United Casualty had complied with the payment terms in the policy, it had not breached the policy and was entitled to judgment in its favor. This appeal is the result of that ruling.
 

 As a general proposition, “[a] movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)). The moving party bears the burden of proving the nonexistence of issues of material fact, and every possible inference must be viewed in favor of the party opposing summary judgment.
 
 Id.
 
 Even the slightest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment.
 
 Nard, Inc. v. DeVito Contracting & Supply, Inc.,
 
 769 So.2d 1138, 1140 (Fla. 2d DCA 2000).
 

 
 *829
 
 Here, the record reflects that there are genuine issues of material fact that preclude the entry of summary judgment in favor of United Casualty. Florida courts have repeatedly held that when an insurer pays additional policy proceeds after suit is filed, “it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured.”
 
 Wollard v. Lloyd’s & Cos. of Lloyd’s,
 
 439 So.2d 217, 218 (Fla.1983); see
 
 also Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 684-85 (Fla.2000) (“[W]here an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured.... ”);
 
 Stewart v. Midland Life Ins. Co.,
 
 899 So.2d 331, 333 (Fla. 2d DCA 2005);
 
 Scott v. Progressive Express Ins. Co.,
 
 932 So.2d 475, 479 (Fla. 4th DCA 2006). Under this general rule, summary judgment in favor of United Casualty was improper because its post-suit payment of additional policy proceeds to Clifton operated as a confession of judgment against it and as a verdict in favor of Clifton. Simple logic dictates that a party who confesses to judgment against it by virtue of the post-suit payment of additional damages cannot use that same payment to argue that it is then entitled to judgment in its favor.
 

 However, the confession of judgment rule is not absolute. Instead, “[w]hile Florida law does hold that payments are treated as confessions of judgment where an insurer first disputes the claim and then settles, the existence of a bona fide dispute and not the mere
 
 possibility
 
 of a dispute, is a crucial condition precedent to such a holding.”
 
 Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,
 
 434 F.Supp.2d 1286, 1298 (M.D.Fla.2006),
 
 aff'd,
 
 215 Fed.Appx. 879 (11th Cir.2007);
 
 see also Wollard,
 
 439 So.2d at 219 n. 2 (noting that the requirement that the insurance company
 
 “unreasonably
 
 withhold payment under the policy” is a condition precedent to an award of attorney’s fees under the confession of judgment rule and requiring that the trial court consider the
 
 “necessity
 
 of the legal services rendered as well as their reasonable value” (first emphasis added));
 
 State Farm Fla. Ins. Co. v. Lorenzo,
 
 969 So.2d 393 (Fla. 5th DCA 2007)(holding that the confession of judgment doctrine did not support an award of attorney’s fees to an insured who first filed suit after State Farm had fully paid all the amounts due pursuant to a pre-suit appraisal). Thus, the confession of judgment rule will operate only “ ‘to penalize an insurance company for
 
 wrongfully
 
 causing its insured to resort to litigation in order to resolve a conflict with its insurer when it was within the company’s power to resolve it.’ ”
 
 First Floridian Auto & Home Ins. Co. v. Myrick,
 
 969 So.2d 1121, 1124 (Fla. 2d DCA 2007) (quoting
 
 Bassette v. Standard Fire Ins. Co.,
 
 803 So.2d 744, 746 (Fla. 2d DCA 2001)) (emphasis added). Accordingly, the question of whether an insurer’s post-suit payment of additional policy proceeds constitutes a confession of judgment will be determined based on whether “the filing of the suit acted as a
 
 necessary catalyst
 
 to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract.”
 
 Lewis v. Universal Prop. & Cas. Ins. Co.,
 
 13 So.3d 1079, 1081 (Fla. 4th DCA 2009) (emphasis added).
 

 For example, in
 
 Myrick,
 
 the insured filed a claim for sinkhole damage to her residence. 969 So.2d at 1123. First Floridian admitted coverage, inspected the damage, and proposed a remediation plan at a cost of $49,706.
 
 Id.
 
 However, Myr-ick questioned certain aspects of the
 
 *830
 
 remediation plan and filed a proof of loss for $104,000.
 
 Id.
 
 When First Floridian refused to pay any additional amounts and did not respond to Myrick’s questions about the remediation plan, Myrick filed suit.
 
 Id.
 

 In response to the suit, First Floridian invoked the appraisal provision of the policy.
 
 Id.
 
 The parties went through the appraisal process, and First Floridian ultimately paid Myrick a total of $102,000 pursuant to the appraisal.
 
 Id.
 
 Myrick then sought an award of attorney’s fees, which the trial court granted.
 
 Id.
 

 On appeal, First Floridian argued that Myrick should not be awarded attorney’s fees under the confession of judgment rule because her suit was unnecessary.
 
 Id.
 
 at 1124. It argued that she could have made further inquiries of First Floridian or invoked the appraisal process herself rather than filing suit.
 
 Id.
 
 This court disagreed, noting that First Floridian was aware that Myrick did not agree with its initial estimate and that First Floridian did nothing to resolve the dispute.
 
 Id.
 
 It did not respond to her questions and did not invoke the appraisal clause at that time.
 
 Id.
 
 Thus, because Myrick’s action was not filed for an improper purpose but rather to resolve a bona fide dispute with First Floridian, Myrick was entitled to an award of attorney’s fees under the confession of judgment rule.
 

 Similarly, in
 
 Lewis,
 
 the Lewises filed a claim with their homeowner’s insurance carrier for damage to their home due to Hurricane Wilma. 13 So.3d at 1080. The Lewises sought to have Universal cover the cost of a new roof, and Universal refused, offering only to pay for a portion of the roof and a portion of the roof ridge.
 
 Id.
 
 When mediation did not resolve the dispute, the Lewises retained counsel.
 
 Id.
 
 at 1081. Universal then invoked the appraisal clause of the policy but also “reserved the right to ‘deny the claim.’ ”
 
 Id.
 
 The Lewises subsequently filed suit. Despite the suit, the appraisal went forward, and the appraisal award resulted in payment to the Lewises of over $51,000.
 
 Id.
 
 The Lewises then sought attorney’s fees based on the additional payment, but the trial court denied the motion.
 

 On appeal, the Fourth District rejected Universal’s argument that the suit was not necessary and thus that the Lewises were not entitled to fees under the confession of judgment rule.
 
 Id.
 
 In doing so, the court noted that “whether suit is filed before or after the invocation of the appraisal process is not determinative of the insured’s right to fees.”
 
 Id.
 
 at 1082. Instead, the question is whether the suit was filed following a dispute with the insurer for the legitimate purpose of resolving that dispute.
 
 Id.
 
 If so, an award of fees was proper regardless of whether the insurer timely paid the appraisal award.
 
 See also Goff v. State Farm Fla. Ins. Co.,
 
 999 So.2d 684 (Fla. 2d DCA 2008) (reversing the denial of the insured’s motion for attorney’s fees when State Farm was aware that the Goffs disputed the settlement offered but did not invoke the appraisal clause until after the Goffs filed suit),
 
 review denied,
 
 21 So.3d 813 (Fla.2009);
 
 Wilson v. Federated Nat’l Ins. Co.,
 
 969 So.2d 1133 (Fla. 2d DCA 2007) (finding that the insurer’s post-suit payment of the amount owed pursuant to the appraisal process constituted a confession of judgment when the insurer knew that the insured disputed the insurer’s valuation of the loss prior to suit being filed);
 
 Travelers Indem. Ins. Co. v. Meadows MRI, LLP,
 
 900 So.2d 676 (Fla. 4th DCA 2005) (finding that insurer’s payment of amount due pursuant to appraisal constituted a confession of judgment even though the appraisal clause was invoked before suit was filed because Meadows had been forced to retain counsel
 
 *831
 
 to compel Travelers to accept coverage and to compel Travelers to participate in the appraisal process).
 

 What can be gleaned from these cases is that an insurer that is aware of a dispute with its insured cannot simply ignore that dispute, wait until the insured files suit to demand appraisal, pay any subsequent appraisal award, and then maintain that the payment does not constitute a confession of judgment as a matter of law. On the other hand, if an insurer is
 
 not
 
 on notice that the claim or payment is disputed, the insured generally will be unable to show that he or she was “forced” to file suit, and a subsequent post-suit payment by the insurer may not constitute a confession of judgment. While this does not mean that the insured is required to invoke the appraisal clause prior to suit, it does mean that the insured must, at a minimum, clearly notify his or her insurer in a timely fashion of his or her dissatisfaction with the amounts paid.
 

 In light of this controlling case law, it is clear that summary judgment in favor of United Casualty was inappropriate. Clifton’s affidavit asserts that he told United Casualty repeatedly that he was dissatisfied with the claim payment and that United Casualty repeatedly ignored his requests for further payment. On the other hand, United Casualty asserts, without any supporting evidence, that it was wholly unaware of any dispute with Clifton until after suit was actually filed. United Casualty also asserts, again without any supporting evidence, that Clifton’s suit was filed for an improper purpose because he was aware that other similar cases had been referred to appraisal. If Clifton’s version of the facts is correct, United Casualty’s payment operates as a confession of judgment, and it is not entitled to summary judgment in its favor. If United Casualty’s version of the facts is correct, then it may be entitled to summary judgment. In either case, genuine issues of material fact precluded entry of summary judgment in favor of either party at the time of the summary judgment hearing.
 
 [1]
 

 We note that our resolution of this case in this manner is wholly consistent with this court’s decision in
 
 Goff,
 
 upon which both parties rely in this appeal. In
 
 Goff,
 
 State Farm initially paid the Goffs $4522.81 for the actual cash value of the hurricane damage to their residence. 999 So.2d at 686. The Goffs notified State Farm of their disagreement with this settlement amount, and State Farm reinspected the property but denied the claim for further policy proceeds.
 
 Id.
 
 The Goffs then retained a public adjuster, who estimated the loss at $66,708.
 
 Id.
 
 State Farm subsequently paid the Goffs an additional $3108.76, but it refused to pay any further amounts.
 
 Id.
 
 The Goffs then sued State Farm for breach of contract, after which State Farm moved to compel an appraisal.
 
 Id.
 
 The appraisal valued the loss at $43,059.83, which State Farm subsequently paid.
 
 Id.
 
 at 687. Both the Goffs and State Farm then moved for summary judgment.
 
 Id.
 
 The trial court entered summary judgment in favor of State
 
 *832
 
 Farm, finding that it did not breach the contract, and the Goffs appealed.
 
 Id.
 

 On appeal, this court reversed, finding that State Farm’s post-suit payment operated as a confession of judgment. Given that State Farm was aware of the Goffs’ disagreement with State Farm’s payments but failed to invoke the appraisal process to resolve the dispute, this court found that the Goffs’ suit was “necessary” to resolve the dispute.
 

 Contrary to Clifton’s argument here, the
 
 Goff
 
 opinion does not stand for the proposition that any post-suit payment automatically operates as a confession of judgment. Instead, when considered in its factual context, the
 
 Goff
 
 opinion held that State Farm’s payment operated as a confession of judgment because State Farm was aware that the Goffs disputed the settlement of the claim but it took no steps to resolve that dispute. The Goffs’ suit forced State Farm’s hand, and thus the suit was “necessary” to obtain policy benefits. The
 
 Goff
 
 decision is also entirely consistent with the holdings of
 
 Myrick, Lewis, Wilson,
 
 and
 
 Meadows MRI
 
 that an insurer that knows of a dispute with its insured, takes no steps to resolve that dispute, and then makes a post-suit payment of additional policy proceeds confesses to judgment by that post-suit payment.
 

 Finally, we reject United Casualty’s argument that its payment should not operate as a confession of judgment because it never denied Clifton’s claim. When an insurer is aware that an insured disputes the settlement of a claim and the insurer fails to respond in any fashion to the insured’s demands for further action, that failure has the legal effect of denying coverage.
 
 See Sanchez v. Am. Ambassador Cas. Co.,
 
 559 So.2d 344, 346 (Fla. 2d DCA 1990) (holding that when an insurer was aware of its insured’s demand for either payment or arbitration and it chose not to respond to the demand until after suit was filed, the insurer’s actions amounted to a denial of coverage). While an insurer is clearly not required to pay any sum demanded by an insured to avoid a judgment for breach and award of attorney’s fees, an insurer may not simply sit back and ignore its insured’s demands for additional payments and then claim that its failure to respond does not operate as a denial of coverage.
 

 In sum, the disputed issue of material fact concerning whether Clifton was “forced” to file suit precluded summary judgment in favor of United Casualty. Therefore, we reverse and remand for further proceedings.
 

 Reversed and remanded.
 

 KHOUZAM and MORRIS, JJ., Concur.
 

 [1]
 

 . We note that our decision would have been the same on these facts even if United Casualty had not withdrawn Warnock's affidavit. United Casualty’s payment after suit was filed was prima facie evidence of a confession of judgment. United Casualty filed a motion for summary judgment arguing, in essence and without proof, that its payment was not a confession of judgment because Clifton's suit was unnecessary. Clifton refuted this assertion with his affidavit. While we note that United Casualty did not support its allegations with proof, we also note under these facts that any proof offered would have simply added to the fact questions, given Clifton’s affidavit. Thus, the withdrawal of Warnock’s affidavit is not dispositive of the propriety of summary judgment here.