DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM FLORIDA INSURANCE COMPANY,**
Appellant,

v.

**LIME BAY CONDOMINIUM, INC.,**
Appellee.

No. 4D13-4802

[ November 18, 2015 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit; Thomas Lynch, IV, Judge; L.T. Case No. 07-005044 CACE (05).

Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Green, Ackerman & Frost, P.A., Boca Raton, for appellant.

Michael O. Colgan of Katzman Garfinkel, Maitland, for appellee.

BOORAS, TED, Associate Judge.

State Farm Florida Insurance Company ("State Farm") appeals the final summary judgment entered in favor of Lime Bay Condominium, Inc. ("Lime Bay") in this breach of contract action. We reverse because a genuine issue of material fact remains as to whether Lime Bay was forced to file the breach of contract suit.

In October 2005, as a result of Hurricane Wilma, Lime Bay's condominiums sustained roof damage and Lime Bay filed a claim with State Farm. During the loss adjustment process, Lime Bay obtained a proposal to replace all the condominium buildings' roofs for approximately $1.5 million. However, Lime Bay never provided State Farm with any evidence that the roofs needed to be replaced, only an estimate for replacement. After several inspections, State Farm determined that the roofs in question needed to be repaired, not replaced. In September 2006, after making adjustments for the policy deductible, State Farm paid Lime Bay $6,940.46 for the roof repairs.

On February 9, 2007, Lime Bay filed a Civil Remedy Notice alerting State Farm that it intended to file suit. State Farm responded with a

demand for an appraisal pursuant to the appraisal provision in the insurance contract. Lime Bay responded that it would not participate in the appraisal process until State Farm provided proof of compliance with the mediation notification requirements of section 627.7015(2), Florida Statutes (2012). Section 627.7015(7) provides that the insured is not required to participate in the appraisal process until the insurer complies with subsection (2). On March 7, 2007, Lime Bay filed a breach of contract action against State Farm without first participating in the appraisal process.

On State Farm's motion, the trial court ordered the case abated pending the completion of appraisal. The appraiser issued an award in the amount of approximately $1.1 million, before deductible. After applying deductibles and the previous payment, State Farm paid Lime Bay $608,141.41.

Lime Bay filed a motion to confirm the appraisal award and a motion for final judgment and attorney's fees. Lime Bay argued that State Farm's payment of the appraisal award after Lime Bay filed suit was a confession of judgment. State Farm filed a motion for summary judgment. State Farm argued that Lime Bay was not entitled to a confirmation of the appraisal award, because the claim had been fully resolved through the parties' contractual appraisal process and State Farm had paid the appraisal award. Therefore, State Farm did not breach the contract.

The trial court denied State Farm's motion and granted Lime Bay's motion. The court found that State Farm failed to prove that it complied with the mediation notification requirements of section 627.7015 and that State Farm's voluntary payment after Lime Bay filed suit was a confession of judgment as a matter of law.

The standard of review for an order granting summary judgment is de novo. *Jaffer v. Chase Home Fin., LLC*, 155 So. 3d 1199, 1201 (Fla. 4th DCA 2015). "An appellate court must examine the record in the light most favorable to the non-moving party." *Wolf v. Sam's E., Inc.*, 132 So. 3d 305, 307 (Fla. 4th DCA 2014). Summary judgment should be entered only when there is no genuine issue of material fact. *Jaffer*, 155 So. 3d at 1201.

To the extent that the trial court's ruling is based on the interpretation of a contract, the interpretation is a question of law that an appellate court will review de novo. *Thomas v. Vision I Homeowners Ass'n.*, 981 So. 2d 1, 2 (Fla. 4th DCA 2007).

In this case, the trial court made a finding that State Farm's voluntary

2

payment of the appraisal award after suit was filed was a confession of judgment as a matter of law. However, when the insured utilizes the confession of judgment doctrine, the underlying issue is not when the insurer paid the claims, but if the insured was forced to litigate in order to get the insurer to pay the claim. *See Clifton v. United Cas. Ins. Co. of Am.*, 31 So. 3d 826, 829 (Fla. 2d DCA 2010) ("[T]he confession of judgment rule will operate only to penalize an insurance company for *wrongfully* causing its insured to resort to litigation in order to resolve a conflict with its insurer when it was within the company's power to resolve it."); *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So. 2d 393, 398 (Fla. 5th DCA 2007) ("[C]ourts generally do not apply the [confession of judgment] doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy.") (citing *Basik Exps. & Imps., Inc. v. Preferred Nat'l. Ins. Co.*, 911 So. 2d 291, 294 (Fla. 4th DCA 2005)).

Similarly, when an insured moves for attorney's fees, the underlying issue is whether the suit was filed for a legitimate purpose, and whether the filing acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract. *See Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1082 (Fla. 4th DCA 2009) ("Florida's cases have uniformly held that a section 627.428 attorney's fee award may be appropriate where, following some dispute as to the amount owed by the insurer, the insured files suit and, thereafter, the insurer invokes its right to an appraisal and, as a consequence of the appraisal, the insured recovers substantial additional sums."); *Travelers Indem. Ins Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676 (Fla. 4th DCA 2005) (finding that the insured was entitled to attorney's fees because it had to hire counsel and eventually resort to formal legal action to resolve the claim); *Goff v. State Farm Fla. Ins. Co.*, 999 So. 2d 684, 688 (Fla. 2d DCA 2008) (holding that the insureds were entitled to section 627.428 attorney's fees because their lawsuit forced State Farm to request an appraisal and to pay significant additional amounts). However, the timing of the request for appraisal is not determinative of the insured's right to fees. *Lewis*, 13 So. 3d at 1082.

On appeal, State Farm argues that Lime Bay breached the insurance contract by filing suit after State Farm invoked the appraisal provision of the contract policy. The appraisal provision states in pertinent part:

**SECTION I**

**CONDITIONS**

**4. Appraisal.** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each will notify the other of the selected appraiser's identity with 20 days after receipt of the written demand for appraisal.

. . . .

**6. Legal Action Against Us.** No one may bring legal action against us under this insurance unless:
> a. there has been full compliance with all of the terms of this insurance . . . .

State Farm argues that the appraisal provision and the section explaining the prerequisites for legal action should be interpreted together. Specifically, once State Farm made a written demand for an appraisal, Lime Bay was required to participate in the appraisal process before filing suit. We disagree with this interpretation of the contract. The contract does not clearly require the parties to complete appraisal as a condition precedent to filing suit.

In the trial court and on appeal, Lime Bay argues that it was not required to participate in the appraisal process because State Farm failed to prove that it notified Lime Bay of its right to mediate. As previously noted, subsection 627.7015(7) states that the insured is not required to participate in any contractual appraisal process unless the insurer complies with subsection 627.7015(2) and notifies the insured of its right to mediation. When State Farm invoked its right to appraisal, Lime Bay requested proof of State Farm's compliance with section 627.7015's, mediation notification requirements. State Farm filed an affidavit stating that it complied with subsection 627.7015(2)'s requirements by notifying Lime Bay of its right to mediate the claim in two different letters in March and May of 2006.

Lime Bay argues that the notice of mediation contained in these letters was untimely because subsection 627.7015(2) states that the insurer shall notify the claimants of their right to participate in the mediation program, "[a]t the time a first-party claim within the scope of the section is filed." Since State Farm's notice of the right to mediate was not sent until March 2006, five months after Lime Bay filed its claim, Lime Bay argues that State Farm did not prove that it fully complied with subsection

627.7015(2). We agree. Despite the March and May 2006 letters, notifying Lime Bay of its right to mediate any dispute, State Farm did not fully comply with section 627.7015(2). State Farm failed to prove that it provided Lime Bay with notification of its right to mediate, *at the time Lime Bay filed its claim.*

Along with finding that State Farm did not comply with section 627.7015(2), the trial court found that State Farm's voluntary payment of the appraisal award was a confession of judgment. We disagree. Based on the case law, an insurer's payment of appraisal award is only a confession of judgment only if the insured was forced to file the lawsuit to resolve the claim. *See Lorenzo,* 969 So. 2d at 398; *Clifton,* 31 So. 3d at 829.

In *Clifton,* the Second District held that there was a genuine issue of material fact as to whether the insured was forced to file suit. 31 So. 3d at 831. The court explained that the insured generally will be unable to show that he or she was forced to file suit, if the insurer was not on notice that the claim or payment was disputed. *Id.* In that case, the insured submitted an affidavit asserting that he repeatedly told the insurer that he was dissatisfied with the claim and the insurer ignored his request for further payment. The insurer asserted without supporting evidence that it was wholly unaware of any dispute with the insured until suit was filed.

In *Travelers,* this court found that, after twenty-two months without resolution of the claim, the insured was forced to resort to the formal legal process. 900 So. 2d at 678-79. Travelers took five months to issue payment based on its own estimates. *Id.* at 677. There still existed a significant difference between the two parties' estimates. After twenty-two months without a resolution of the claim, Travelers demanded that the dispute be resolved pursuant to the appraisal provision of the insurance policy. Before the appraisal process began, the insured sent Travelers a letter inquiring about the procedures of the appraisal process and about attorney's fees. The insured stated that it would file suit for declaratory judgment if Travelers did not provide a prompt response. When Travelers did not respond to the inquiry, the insured filed suit. At the time the insured filed suit, the parties had already begun the appraisal process.

The appraisal resulted in Travelers owing the insured a significant balance, which Travelers paid. *Id.* at 677. The insured filed a motion to confirm the appraisal award and for entry of judgment thereon. The insured also filed a motion for attorney's fees. The trial court granted both motions. *Id.* at 678. Travelers appealed the award of attorney's fees. *Id.* at 676. This court found that the insured's involvement of the formal

5

judicial system was not unnecessary. *Id.* at 678. The insured had to hire counsel throughout the appraisal process. Moreover, Travelers' participation in the appraisal was most likely affected by the insured's representation by counsel and the threat of a pending suit. *Id.* at 679.

Here, Lime Bay argues that State Farm's failure to resolve the claim for eighteen months before Lime Bay filed suit was a breach of contract. State Farm argues that it properly followed the claims process. The estimates attached to the March, May, and September 2006 State Farm letters suggest that State Farm conducted multiple estimates during that time period. In the May 2006 letter, State Farm's adjuster, Andy Beale, also referenced a December 2005 estimate. State Farm submitted an affidavit from another adjuster, Ana Carrillo, asserting that it was unaware that Lime Bay disagreed with State Farm's estimate of the loss until Lime Bay filed the Civil Remedy Notice. Ms. Carrillo admitted that Lime Bay submitted an estimate for $1.5 million roof replacement, but claimed Lime Bay did not provide any proof that the roof needed to be replaced instead of repaired.

Based on the record, it is unclear whether State Farm's multiple estimates were at the insistence of the Lime Bay representatives, who disputed the amount of loss. Because there was a question as to whether State Farm knew that Lime Bay disputed the amount of loss, we find that there is a genuine issue of material fact as to whether Lime Bay was forced to file suit.

Since we are remanding this case for evidentiary findings, we must address the trial court's protective order entered against State Farm's discovery requests. The ruling on a motion for protective order is reviewed for abuse of discretion. *See Katzman v. Rediron Fabrication, Inc.*, 76 So. 3d 1060, 1065 (Fla. 4th DCA 2011). Pursuant to Florida Rule of Civil Procedure 1.280(c) and upon a motion by a party "from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires . . . ."

We hold that the trial court erred by granting Lime Bay's motion for protective order against State Farm's request for production of documents. As previously discussed, State Farm's voluntary payment of the appraisal award was not an automatic confession of judgment. The issue was whether Lime Bay was forced to file suit to resolve the dispute with State Farm. It appears that the court granted Lime Bay's motion for protective order on the grounds that State Farm's payment of the appraisal award

was automatically a confession of judgment, entitling Lime Bay to a judgment as a matter of law. In its first request for production, State Farm requested, among other things, a copy of the communication between Lime Bay and any public adjuster or contractor hired by Lime Bay. This information was relevant to the issue of whether Lime Bay continued to dispute State Farm's estimate and was forced to file suit to resolve the claim.

In sum, because there is a genuine issue of fact as to whether Lime Bay was forced to file suit, we reverse and remand for further proceedings.

*Reversed and Remanded.*

CIKLIN, C.J., and CONNER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**