**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IN RE: Appointment of Umpire for
HAYES FAMILY TRUST, on Behalf
of Itself and All Others Similarly
Situated, CLAYTON A. HAYES, co-
trustee,

        Petitioners - Appellants,

v.

STATE FARM FIRE & CASUALTY
COMPANY,

        Respondent - Appellee.

No. 15-6164

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 5:14-CV-00108-C)**

---

Jason Waddell, Jason Waddell, PLLC, Oklahoma City, Oklahoma, for Appellants.

Benjamin G. Kemble (David V. Jones with him on the brief), Jones, Andrews &
Ortiz, Oklahoma City, Oklahoma, for Appellee.

---

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MORITZ**, Circuit Judges.

---

**TYMKOVICH**, Chief Judge.

---

This appeal arises from a property damage claim filed by the Hayes Family Trust with its insurer, State Farm Fire & Casualty. When the parties could not agree on the amount of loss, Hayes invoked an appraisal process provided by the policy to calculate the loss incurred. The policy establishes a procedure whereby each party selects an impartial appraiser; the appraisers then select an impartial umpire. But if the appraisers are unable to agree on an umpire, the policy grants either party the right to seek appointment of the umpire by the court. After Hayes sought the district court's assistance with the appointment of an umpire, the parties participated in the appraisal process, which resulted in a unanimous award.

State Farm paid the balance of that award, and Hayes accepted payment. But despite State Farm's payment, at Hayes's request, the district court confirmed the award and entered judgment in favor of Hayes. Hayes promptly moved for an award of prejudgment interest, attorney's fees, and costs under a prevailing party statute. In response, State Farm moved to vacate or amend the judgment. Finding that the parties settled any dispute over the amount of loss, the court agreed with State Farm and vacated its order confirming the appraisal award and the judgment. Hayes now appeals the order vacating judgment in an attempt to recover prejudgment interest, fees, and costs.

We affirm. Under Oklahoma insurance appraisal law, the appraisal award was not binding on State Farm because it did not invoke the appraisal process. Therefore, State Farm's voluntary payment of the award, and Hayes's acceptance

of that payment, settled any dispute over the amount of loss to Hayes's property. Because the parties settled their dispute over the amount of loss, the district court properly vacated its earlier judgment in favor of Hayes. For the same reason, because the court vacated the judgment, Hayes cannot be a "prevailing party" under the Oklahoma Insurance Code's prevailing party statute.

## I. Background

Hayes filed an insurance claim with State Farm in 2013 after its Oklahoma City commercial property was damaged in a storm. State Farm submitted an estimate to repair or replace the damaged property in the amount of $151,486. Displeased with the estimate, Hayes sent a certified letter to State Farm invoking a statutorily-mandated appraisal provision in the insurance policy. The provision requires each party to select an impartial appraiser; the appraisers then select an impartial umpire.

State Farm did not immediately respond to Hayes's letter, so in early 2014 Hayes filed *two* actions against State Farm in Oklahoma state court—the one at issue here, a petition for the appointment of an umpire, and a second case for breach of contract, bad faith, and negligence.[1] State Farm timely removed both cases to federal district court on the basis of diversity jurisdiction.

_____

[1] *See Hayes Family Trust v. State Farm Fire & Casualty Co.*, No. 5:14-cv-00106-C (W.D. Okla.). In the second case, Hayes alleges State Farm breached the policy and unreasonably delayed its participation in the appraisal process, which is mandatory under the policy and Oklahoma statute.

State Farm eventually named its appraiser, but the parties' appraisers were unable to agree on an umpire, so the district court appointed one at Hayes's request. The district court then administratively closed the case, but reserved the parties' right to reopen the case at a later date if needed.[2]

Both parties participated in the appraisal process, which resulted in a unanimous award in the amount of $347,254. Hayes again reopened the case and moved to confirm the appraisal award. Before the district court acted on Hayes's motion, however, State Farm paid the balance of the award. And, in a letter accompanying payment, State Farm stated, "We are making this payment in accordance with the Businessowners Coverage Form, CMP-4100 loss settlement provisions. . . . Please be advised State Farm is not waiving any of the policy coverages, limitations, exclusions or provisions, all of which are specifically reserved." App. Vol. 1 at 160. Hayes accepted the payment without reservation.

Separately, State Farm objected to confirmation, contending its payment settled any dispute over the amount of loss. In addition, State Farm asserted confirmation would be improper in any event because under Oklahoma law, an

---

[2] Indeed, one month after the district court appointed the umpire, Hayes reopened the case and moved to voluntarily dismiss its petition under Federal Rule of Civil Procedure 41(a)(2). Hayes sought to dismiss the action in order to have a jury determine the amount of loss in the companion case for breach of contract and bad faith, rather than through the appraisal process. The district court denied Hayes's Rule 41 motion because under Oklahoma law, a party who invokes the appraisal process is bound by any resulting award, *see infra* subpart II.B.3.a.

-4-

appraisal award is not binding on the party who did not initiate the appraisal process. Over State Farm's objection, the district court initially confirmed the award and entered judgment in favor of Hayes. The court reasoned that although the award was not binding on State Farm (because it did not initiate the process), State Farm's payment conclusively fixed the amount of loss. And "[b]ecause that amount is entitled to the same effect as a judgment, some judicial endorsement is warranted." App. Vol. 1 at 211.

Armed with a judgment in its favor, Hayes filed: (1) a motion to amend judgment to include prejudgment interest at the statutory rate of 15%; (2) a motion for $16,620 in attorney's fees under the Oklahoma Insurance Code's prevailing party provision; and (3) a bill of costs in the amount of $225. For its part, State Farm moved to vacate or amend the judgment under Rules 59(e) and 60(b). State Farm argued the payment and acceptance of the appraisal award was a consummated settlement, abdicating the need for confirmation and judgment.

Construing State Farm's motion under Rule 59(e), the district court agreed with State Farm and vacated the earlier judgment. The court again acknowledged the appraisal award was not binding on State Farm, but this time it deemed State Farm's voluntary payment "an offer of settlement which was accepted by [Hayes] when it accepted the check." App. Vol. 2 at 189. Because the parties agreed to settle their dispute over the amount of loss, there was no final determination of the parties' rights necessitating the entry of judgment. As such, the district court

vacated the order confirming the appraisal award and the judgment and struck

Hayes's pending motions for interest, fees, and costs as moot. Hayes timely

appealed the court's order.[3]

## II. Analysis

Hayes challenges the district court's order vacating judgment on both

procedural and substantive grounds. In addition, Hayes seeks a determination that

it is the prevailing party under the Oklahoma Insurance Code, entitling it to

prejudgment interest, attorney's fees, and costs. Before reaching the merits of

Hayes's appeal, however, we must address State Farm's contention that we lack

appellate jurisdiction because the district court eliminated the only final

appealable order when it vacated its earlier judgment.

### A. Appellate Jurisdiction

State Farm argues that after the district court vacated the judgment, the

case returned to its administratively closed status, and an administrative closing

order is not an appealable order. We disagree with State Farm's assessment of

the finality of the district court's order vacating judgment.

---

[3] Relatedly, the district court also entered summary judgment in favor of State Farm in the breach-of-contract and bad-faith case. Hayes has also appealed that order. *See Hayes Family Trust v. State Farm Fire & Casualty Co.*, No. 15-6231 (10th Cir.). A motions panel of this court previously denied State Farm's motion to consolidate the appeals.

We have jurisdiction over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. A "final decision" is ordinarily one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "[P]ut differently, one by which the district court 'disassociates itself from a case.'" *McClendon v. City of Albuquerque*, 630 F.3d 1288, 1292 (10th Cir. 2011) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995)).

It is true that orders *granting* relief under Federal Rules of Civil Procedure 59 and 60(b) are generally not final decisions. *Id.* at 1294. They are not final—and, therefore, not immediately appealable—because "they set aside or undo a judgment and so settle nothing with finality except the fact that more litigation is on the way." *Id.*; *see also* 15B Charles Alan Wright, Arthur R. Miller et al., *Federal Practice & Procedure* § 3916 (3d ed. & Apr. 2016 Update) ("An order that vacates a judgment and sets the stage for further trial court proceedings is not final.").

But when a ruling resolves and ends the litigation at the district court level, that decision is sufficiently final to maintain an immediate appeal. As we said in *McClendon*, "To be a final decision in the relevant sense for § 1291, then, it is generally not enough that a decision might seem at one point to 'irretrievably decide' the scope and duration of litigation in the district court; usually it must *end* that litigation." 630 F.3d at 1295. And this familiar principle applies with

equal force to an order vacating judgment that effectively ends the litigation. *See Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 995 (10th Cir. 1996) (quoting 7 J. Moore, *Federal Practice* ¶ 60.30[3], p. 345) (construing Rule 60(b) and observing "as in every other case, such jurisdiction is lacking unless the order *granting* the Rule 60(b) motion was a 'final decision[] of the district court[]' within the meaning of 28 U.S.C. § 1291 . . . ." (emphasis added)).[4]

Further, this principle holds notwithstanding the absence of a separate Rule 58 judgment. "Although the absence of a Rule 58 judgment extends the time for appeal . . . a Rule 58 judgment is not necessary for this court to have appellate jurisdiction." *Martinez v. City of Chicago*, 499 F.3d 721, 726 (7th Cir. 2007); *see also Taumoepeau v. Mfrs. & Traders Tr. Co. (In re Taumoepeau)*, 523 F.3d 1213, 1218 n.5 (10th Cir. 2008); *Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992). In other words, the losing party can appeal "before the entry of the Rule 58 judgment order if though not embodied in the separate document that Rule 58 requires" the decision is final within the meaning of § 1291. *Martinez*, 499 F.3d at 726.

---

[4] We also note that, although administrative closing orders are generally not appealable, *e.g.*, *Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1176–78 (10th Cir. 2005), in certain circumstances an administrative closing order may mature into a final appealable order, *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). For instance, "an administrative closing order that notifies the parties that the case will be dismissed with prejudice absent action on their part within a specified period of time is sufficient to terminate a case." *Id.*

Here, the district court's order vacating judgment (and striking Hayes's pending motions) ended the litigation and effectively disassociated the district court from the case. The district court appointed an umpire as requested, the parties completed the appraisal process, and the court concluded that State Farm's payment of the appraisal award settled any dispute over the amount of loss. Other than possibly finalizing the administrative closing order, the district court's role in the matter was complete.

In short, the court's order vacating judgment qualifies as a final decision triggering our appellate jurisdiction under 28 U.S.C. § 1291.

### B. Order Vacating Judgment

Hayes raises a number of arguments attacking the district court's order vacating judgment. These arguments can be categorized into both procedural challenges and substantive challenges. Procedurally, Hayes urges that the district court improperly allowed State Farm to reargue previously rejected positions in its Rule 59(e) motion and that the court failed to articulate its reason for vacating the judgment. Substantively, Hayes contends the district court erred in finding that State Farm's payment of the appraisal award was not a final determination of the parties' rights.

As we discuss below, we reject each of Hayes's arguments.

### 1. Legal Standard/Standard of Review

No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

We generally review the district court's ruling on a Rule 59(e) motion for abuse of discretion. *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005). The district court "abuses its discretion if it made a 'clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *ClearOne Commc'ns v. Biamp Sys.*, 653 F.3d 1163, 1178 (10th Cir. 2011) (citation omitted). The abuse-of-discretion standard "includes review to determine that the discretion was not guided by erroneous legal conclusions." *Loughridge*, 431 F.3d at 1275.[5]

---

[5] We recognize our traditional standard of review for Rule 59(e) determinations does not apply neatly to the circumstances of this case. Typically, a district court's granting of a Rule 59(e) motion will ultimately lead to a judgment—either an "altered or amended" judgment, or a judgment at the end of continued litigation. If properly preserved and appealed, that judgment may be reviewed separately. Thus, the merits of the case at some point may be reviewed under what is likely a less deferential standard of review. But here, the district court vacated the judgment and construed State Farm's payment as a settlement,

(continued...)

## *2. Procedural Challenges*

Hayes first asserts the district court erred by allowing State Farm to reargue positions in its Rule 59(e) motion that were rejected by the court in its order confirming the appraisal award, and by failing to articulate its reason for vacating the judgment. These arguments are unpersuasive.

First, State Farm's arguments in its Rule 59(e) motion are within the bounds of Rule 59(e). Certainly a motion under Rule 59(e) allows a party to reargue previously articulated positions to correct clear legal error. In objecting to confirmation, State Farm contended its voluntary payment finally decided any dispute as to the amount of loss and left nothing to be decided by the court. The arguments in State Farm's Rule 59(e) motion follow that line of reasoning—indeed, Hayes concedes this point in other sections of its brief. Aplt. Br. at 16 ("State Farm argued in [its] objection to the Motion to Confirm *as well as* the Motion to Vacate that the award didn't bind [it] and [its] payment was a voluntary settlement." (emphasis added)).

---

[5](...continued)
which ended Hayes's case for the appointment of an umpire. Although we hold the district court's decision is final for jurisdictional purposes, it leaves Hayes in the awkward position of having only the order vacating judgment to appeal. In other words, the result is a sort of judicial arbitrage, shielding the district court's underlying legal conclusions from more exacting review. But ultimately this issue is not determinative because even under a de novo review Hayes cannot show error by the district court in granting State Farm's Rule 59(e) motion.

Second, the district court clearly articulated its reason for vacating the earlier judgment. The court found that Hayes's acceptance of State Farm's voluntary payment equated to a consummated settlement, obviating the need for its earlier judgment. The court cited case law and succinctly explained its change in position. Despite Hayes's argument to the contrary, this is not an instance where the court failed to sufficiently explain its reasoning so to make appellate review impossible. *See ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1459 (10th Cir. 1995). We therefore reject Hayes's arguments that the district court's order vacating judgment is procedurally deficient.

### 3. Substantive Challenges

Hayes next argues the district court erred by finding there was no final determination of the parties' rights as a result of State Farm paying the balance of the appraisal award.

### a. Insurance Appraisal Provisions

A federal court sitting in diversity applies the substantive law of the forum state. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In Oklahoma, by statute, all fire insurance polices issued in the state must include certain standard provisions. Okla. Stat. tit. 36, § 4803. Among those provisions is the right to an appraisal, which "permit[s] the amount of loss to be determined by an appraisal of the property by appointed experts." *Massey v. Farmers Ins. Grp.*, 837 P.2d 880, 881

(Okla. 1992) (construing § 4803(G)). Standard appraisal provisions (like the one

at issue here[6]) function as follows:

---

[6] The policy's appraisal provision provides,

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, only the party which demanded the appraisal will be bound to the results of that appraisal.
>
> Each party will select a competent and impartial appraiser and notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, then, at the request of either you or us, and after notice of hearing to the non-requesting party by certified mail, selection of the umpire will be made by a judge of a district court in the county where the loss occurred.
>
> The appraisers will state separately the value of the property and amount of loss. If the appraisers submit a written report of agreement to us, the amounts agreed upon will be the value of the property and the amount of loss will be binding on the party which demanded the appraisal. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding on the party which demanded the appraisal.
>
> Each party will:
>
> (1) Pay its chosen appraiser; and
>
> (2) Bear other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

App. Vol. 2 at 163.

(1)  Either party makes a written demand on the other for an appraisal;

(2)  Within 20 days of receipt of the demand, each party selects its own impartial appraiser and notifies the other party;

(3)  Within 15 days of selection, the appraisers select an impartial umpire—but if they fail to agree, either party may petition the court to appoint an umpire;

(4)  The appraisers submit their individual appraisals calculating the amount of loss; and

(5)  If the appraisers agree, the amount of loss is determined—but if they fail to agree, the umpire selects one of the two appraisals.

The Oklahoma insurance appraisal process is limited in two material respects.  First, the process is only conclusive as to the amount of loss.  *Massey*, 837 P.2d at 883 (citing *Aetna Ins. Co. v. Jester*, 132 P. 130 (Okla. 1913)).  It has no bearing on coverage, causation, or other elements of liability.  *Id*.  Second, an appraisal is binding *only on the party who invoked the appraisal process*.  *Id*. at 884.  The Oklahoma Supreme Court has expressly held "that § 4803(G) makes appraisal awards binding upon the party invoking the appraisal process, yet makes those same awards non-binding upon the party compelled to participate due to the other party's demand."  *Id*.  This last feature makes Oklahoma procedure unique in the field of insurance appraisal law.  *See* Timothy P. Law & Jillian L. Starinovich, *What is It Worth? A Critical Analysis of Insurance Appraisal*, 13 Conn. Ins. L.J. 291, 314 (2007) (observing Oklahoma is an exception to the general rule).

-14-

This means that under Oklahoma law it is apparent an appraisal award may not be confirmed over the non-invoking party's objection. But Hayes contends State Farm's voluntary payment of the award changes the calculus here. A question therefore remains whether State Farm's payment somehow converted the appraisal award into a confirmable award justifying judgment in Hayes's favor.

### b. Effect of State Farm's Payment

During the proceedings before the district court, the parties offered two competing theories regarding the effect of State Farm's payment. Hayes argued the payment was akin to a confession of judgment. That is, the appraisal fixed the amount of loss and State Farm's payment finally determined the rights at issue. The only step that remained was for the district court to endorse the payment by confirming the award and entering judgment. State Farm on the other hand argued its voluntary payment was merely an offer of settlement. And Hayes's acceptance of the payment consummated the settlement terms. Therefore, nothing remained for the court to decide. The district court initially confirmed the award and entered judgment in Hayes's favor, but then vacated the judgment, concluding Hayes's acceptance of the payment was a settlement.

But Hayes claims the parties never contemplated settlement. Put simply, there was no negotiation, no settlement document, no signature, and no release. Instead, the appraisal process resulted in an award and State Farm paid it. In Oklahoma, agreements to settle are governed by traditional contract principles. *In*

-15-

*re De-Annexation of Certain Real Prop. from City of Seminole*, 204 P.3d 87, 89 (Okla. 2009). Consent to contract must be free, mutual, and communicated by each party to the other. *Id.* (quoting Okla. Stat. tit. 15, § 51). Mutuality requires that the parties "agree upon the same thing in the same sense . . . ." *Id.* (quoting Okla. Stat. tit. 15, § 66). And for insurance settlements covered by Okla. Stat. tit. 36, § 3629(B), an insurer's offer of settlement must be submitted in writing. *Driver Music Co. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1433 (10th Cir. 1996) (construing Oklahoma law). Both parties agree "an out-of-court settlement does not involve a final judicial determination on the merits." *E.g.*, *Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 784 (10th Cir. 1990).

In the proceedings below, after Hayes filed its motion to confirm the appraisal award, State Farm remitted the balance of the award to Hayes's counsel in the form of a check. With the check was a one-page letter from State Farm to Hayes's counsel. The letter instructed that State Farm was "making this payment in accordance with the Businessowners Coverage Form, CMP-4100 loss settlement provisions" and that it "[wa]s not waiving any of the policy coverages, limitations, exclusions or provisions." App. Vol. 1 at 160. Hayes accepted State Farm's payment without reservation.

Importantly, State Farm's payment of the appraisal award, which calculates the amount of loss and *not* the amount actually owed, was completely voluntary. Hayes presses the fact that State Farm's own appraiser signed off on the award.

But that does not alter the legal effect of an appraisal award as announced by the Oklahoma Supreme Court in *Massey*—namely, that an award only binds the party who invokes the appraisal process. 837 P.3d at 884. The other party is free to otherwise ignore the award, although, an insurer operating in Oklahoma might be wise to defer to a unanimous appraisal award to avoid future bad-faith litigation. At bottom, State Farm's voluntary payment and Hayes's open acceptance of that payment demonstrate the parties settled their dispute over the amount of loss.

Aside from the settlement finding, we also reject Hayes's position that State Farm's payment could be construed as a confession of judgment. Most detrimental to that argument is that Hayes alleged no claim to which State Farm could have confessed. In its two-page petition, the only relief Hayes requested was the appointment of an umpire in accordance with the policy's appraisal provision. App. Vol. 1 at 14 ("WHEREFORE . . . [Hayes] respectfully requests this Court to appoint a competent and impartial umpire who is qualified to evaluate and determine the amount of damages to the Petitioner[']s property in order to set the amount of loss."). That was accomplished on September 30, 2014, when the district court appointed an umpire. Hayes chose to bring its monetary claims in the second case for breach of contract and bad faith.

To support its confession-of-judgment argument, Hayes primarily relies on two cases, *Association of County Commissioners of Oklahoma v. National American Insurance Co.*, 116 P.3d 206 (Okla. Civ. App. 2005), and *Clifton v.*

*United Casualty Insurance Co. of America*, 31 So. 3d 826 (Fla. Dist. Ct. App. 2010). The first case, *National American Insurance*, does not support Hayes's position. There, the court simply took note of the state district court's reliance on a Florida decision that held a negotiated settlement does not bar the statutory obligation to pay prevailing party attorney's fees. 116 P.3d at 208 n.5. Closer on point is *Clifton*, where a Florida appellate court, interpreting Florida law, held an insurer's payment of an appraisal award may be deemed a confession of judgment where the insurer is aware of a dispute with its insured, the insurer ignores the dispute, and the insured is forced to demand an appraisal to vindicate its rights. 31 So. 3d at 831.

But *Clifton* is not persuasive here. First, a Florida court's interpretation of Florida law is not probative of insurance appraisal law in Oklahoma. Second, the circumstances in *Clifton* were decidedly different than the facts of this case. In *Clifton*, after the insured filed suit for breach of insurance contract, *the insurer* moved to invoke the policy's appraisal provision. *Id*. at 827. The court compelled compliance with the appraisal provision, which resulted in an award higher than the insurer's initial estimate. *Id*. The insured then moved to confirm the award, for entry of judgment, and to collect attorney's fees. *Id*. at 828. The insurer responded by paying the award and moving to dismiss (a motion it later retracted and substituted with a motion for summary judgment). *Id*. Applying a confession-of-judgment rule specific to Florida, *id*. at 831 ("[W]hen an insurer

-18-

pays additional policy proceeds after suit is filed, 'it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is . . . the functional equivalent of a confession of judgment . . . .'" (citation omitted)), the court determined the insured's payment equated to a confession of judgment supporting judgment in the insured's favor, *id.* at 832.

In contrast to *Clifton*, it is undisputed that Hayes (as opposed to the insurer, State Farm) initiated the appraisal process and that the resulting award was not binding on State Farm. Thus, State Farm's post-award payment was voluntary and was not compelled by any legal duty or obligation under Oklahoma insurance appraisal law. This alone is enough to reconcile *Clifton*. But if that were not enough, we have rejected a rule similar to Florida's confession-of-judgment rule. For instance, in *Bryant v. Sagamore Insurance Co.*, we held that payment of a claim by an insurer while contesting liability does not constitute a confession of judgment. 597 F. App'x 968, 971 (10th Cir. 2015) (unpublished) (construing Oklahoma law and rejecting confession-of-judgment argument and explaining "Sagamore resolved Lawrence's claim while disputing liability at all times and with explicit acknowledgment from Lawrence that the settlement was in compromise of a 'doubtful and disputed claim'").[7]

---

[7] We also reject Hayes's other extra-jurisdictional cases. The California, Louisiana, Michigan, North Dakota, and Pennsylvania cases all concerned policy provisions that bound both parties to an award resulting from an appraisal—as opposed to just the invoking party as dictated by Oklahoma law. *See Devonwood*
(continued...)

In the end, State Farm resolved any dispute as to the amount of loss by paying the balance of the non-binding appraisal award. And, it specifically reserved any confession of liability in its letter accompanying payment.

\* \* \*

Hayes has identified no reversible error in the district court's evaluation and granting of State Farm's Rule 59(e) motion. We therefore affirm the district court's order vacating judgment.

## C. Prevailing Party Status

Hayes lastly argues it is the prevailing party under the Oklahoma Insurance Code's prevailing party statute, Okla. Stat. tit. 36, § 3629(B), entitling it to prejudgment interest, attorney's fees, and costs. We typically review the district court's prevailing party determination de novo. *Driver Music Co. v. Commercial Union Ins. Co.*, 94 F.3d 1428, 1432 (10th Cir. 1996). The district court, however, never reached this question because it vacated the judgment prior to ruling on Hayes's motions for interest, fees, and costs.

---

[7](...continued)
*Condo. Owners Ass'n v. Farmers Ins. Exch.*, 162 Cal. App. 4th 1498, 1504 n.2 (2008); *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No. 3051393, 11-1002*, 91 So. 3d 397, 399 (La. Ct. App. 2012); *Acorn Inv. Co. v. Mich. Basic Prop. Ins. Ass'n*, 852 N.W.2d 22, 27 (Mich. 2014); *Erickson v. Farmers Union Mut. Ins. Co.*, 311 N.W.2d 579, 581 (N.D. 1981); *Riley v. Farmers Fire Ins. Co.*, 735 A.2d 124, 125 (Pa. Super. Ct. 1999). The New York case cited by Hayes is not an insurance case. *In re Penn Cent. Corp.*, 436 N.E.2d 512 (N.Y. 1982).

Even if the district court had addressed the issue, Hayes is not a prevailing party. In relevant part, § 3629(B) provides,

> Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable . . . .

Under this provision, a necessary prerequisite for interest, fees, and costs as a prevailing party is a judgment. § 3629(B) ("*Upon a judgment* rendered to either party, costs and attorney fees shall be allowable to the prevailing party." (emphasis added)).

We have recognized that the "judgment" requirement of § 3629(B) "applies equally to judgments entered pursuant to a confession of judgment, a stipulation, a summary judgment, or any other final determination of rights." *Yousuf v. Cohlmia*, 741 F.3d 31, 46 (10th Cir. 2014). Nevertheless, there still must be a judgment. And absent a judgment, Hayes cannot be the prevailing party. *See Tabernacle v. Church Mut. Ins. Co.*, No. CIV–11–515, 2013 WL 4046350, at *2 (W.D. Okla. Aug. 8, 2013) ("In the case at bar, there is no judgment as the parties have represented to the Court that they reached a settlement and compromise. Accordingly, the Court finds that plaintiff is not a prevailing party entitled to costs and attorney fees pursuant to Okla. Stat. tit. 36, § 3629(B)."). Because the

-21-

district court vacated the earlier judgment—which we have concluded was not in error—Hayes is not a prevailing party under the strictures of § 3629(B).

We therefore reject Hayes's request for a determination that it is the prevailing party under the Oklahoma Insurance Code.

### III.  Conclusion

In sum, Hayes has failed to identify any reversible error in the district court's order vacating judgment.  In addition, because the court vacated the earlier judgment, Hayes is not a prevailing party under the Oklahoma Insurance Code.  We therefore AFFIRM.