**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-6348**

THOMAS LEE FARMER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; WARDEN R. BROWN, Federal Correctional Institution Gilmer (FCI-Gilmer); CHIEF MEDICAL OFFICER OF HEALTH SERVICES DEPARTMENT, Federal Correctional Institution Gilmer (FCI-Gilmer),

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:24-cv-00221-JPB-JPM)

Submitted:  May 28, 2026                          Decided:  June 2, 2026

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas Lee Farmer, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Lee Farmer seeks to appeal the district court's (1) February 2, 2026, order accepting in part the recommendation of the magistrate judge, granting the defendants' motion for summary judgment, and dismissing with prejudice Farmer's amended complaint, and (2) March 5, 2026, order granting Farmer's pro se Fed. R. Civ. P. 60(b) motion for relief from the February 2, 2026, order, and reopening the case. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The orders Farmer seeks to appeal are neither final orders nor appealable interlocutory or collateral orders.[*] *See Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1003 (10th Cir. 2017); *Ballard v. Baldridge*, 209 F.3d 1160, 1161 (9th Cir. 2000). Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] The district court's February 2, 2026, order would have been a final appealable order had the district court not granted Farmer's Rule 60(b) motion for relief from that order before Farmer filed his notice of appeal.